# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jennifer A. Blommer, | Civil No. 10-844 (DWF/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Michael Astrue, Commissioner of the Social Security Administration, | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Plaintiff Jennifer A. Blommer's Motion for Remand for Consideration of New Evidence (Doc. No. 19). Plaintiff is represented by Jonathan A. Abbott. Defendant Michael Astrue is represented by Lonnie F. Bryan. The case was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636. For the reasons set forth below, the Court recommends that the motion be denied.

## I.    BACKGROUND

In 2006, Plaintiff filed applications for disability insurance benefits and for supplemental security income, alleging that she became disabled on February 15, 2005. The applications were denied initially and on reconsideration. At Plaintiff's request, a hearing before an Administrative Law Judge (ALJ) was held on November 19, 2008. Plaintiff was represented by counsel at the hearing.

In a decision dated January 23, 2009, the ALJ determined that Plaintiff was not disabled during the time period from February 15, 2005 through the date of the decision. Following the familiar five-step evaluation process outlined in 20 C.F.R. § 404.1520(a) and 20 C.F.R.

§ 416.920(b), the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since February 15, 2005. At step two, the ALJ found that Plaintiff had severe impairments of ulcerative colitis; plantar fasciitis; chondromalacia, diffuse myalgias of the hands, fingers, and knees; periodic headaches and back pain; depression; and anxiety.

At step three, the ALJ concluded that Plaintiff had no impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. In particular, the ALJ noted that Plaintiff's knee and heel pain was intermittent and not associated with any functional limitations in the medical records. Plaintiff's colitis was stabilized with treatment, and she had no significant weight changes, bleeding, or anemia since March 2007. Although Plaintiff suffered from various myalgias, headaches, and back pain, the medical records reflected only mild functional limitations as a result. Similarly, Plaintiff's anxiety and depression caused only mild limitations in daily living and social functioning, and moderate limitations in maintaining concentration, persistence, and pace. The ALJ found it significant that Plaintiff had attended nursing school full-time from August 2006 through March 2008, had a perfect attendance record, and made good grades. Finally, Plaintiff's anxiety, depression, and sleeplessness were well-managed with Xanax, Cymbalta, Lunesta, and therapy.

Because Plaintiff had no impairment or combination of impairments that met or equaled a listed impairment at step three, the ALJ proceeded to step four of the analysis to assess her residual functional capacity (RFC) to work. The ALJ noted that while Plaintiff's colitis was stable, she needed ready access to a bathroom. The ALJ also acknowledged that some medical records evidenced pain and limitations, but many other records lacked any indication of pain, distress, discomfort, edema, limited range of motion, depression, or anxiety. For example, in March 2007, Plaintiff told her doctor that she had no pain and that her colitis was controlled with

2

medication, and all physical and mental examinations were normal. In June 2007, Plaintiff told her doctor she was working hard to lose weight and exercising up to seventy minutes at a time at a vigorous pace on a treadmill. Although this intense exercise eventually exacerbated her heel pain, a steroid injunction immediately and dramatically improved it. The ALJ found, overall, that Plaintiff's medical condition was successfully managed with a conservative course of treatment.

To accommodate Plaintiff's plantar fasciitis, chondromalacia, myalgias, headaches, and back pain, the ALJ reduced her RFC to light work, on her feet no more than one hour at a time, sitting six out of eight hours, and no repetitive power gripping. To accommodate her depression and anxiety, the ALJ reduced her RFC to simple unskilled or semi-skilled work with low to moderate stress. With these limitations in mind, the ALJ determined that Plaintiff had the RFC to perform her past relevant work as a cashier, fast food worker, and mail clerk. Consequently, she was not disabled. In the alternative, the ALJ proceeded to step five of the sequential analysis and deemed Plaintiff able to work as a cafeteria attendant or counter clerk, both jobs existing in significant numbers in the regional economy.

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review. Plaintiff then commenced this action for judicial review.

## II. DISCUSSION

Rather than file a motion for summary judgment pursuant to District of Minnesota Local Rule 7.2, which governs procedures in social security cases, Plaintiff filed a motion to remand her claim to the Social Security Administration for consideration of new evidence. Plaintiff submitted three types of new evidence in support of her motion: (1) medical records from St. Cloud Orthopedic Associates from February 25, 2009 through December 9, 2009; (2) medical records from Hjort Chiropractic from June 20, 2003 through November 23, 2009; and

(3) medical records from Centracare Digestive Center from March 31, 2008 through December 11, 2008.

### A. Standard of Review

A court may remand a social security claim for consideration of additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008) (quoting 42 U.S.C. § 405(g)). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Secretary's determination." *Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir. 1993). "Good cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing a sufficient explanation." *Hepp*, 511 F.3d at 808 (citing *Hinchey v. Shalala*, 29 F.3d 428, 433 (8th Cir. 1994)).

### B. Records from St. Cloud Orthopedic Associates

In the ALJ's decision of January 23, 2009, he expressly noted that the time period under consideration was February 15, 2005 through January 23, 2009. But the new records from St. Cloud Orthopedic Associates are from February 25, 2009 through December 9, 2009, which postdate the ALJ's decision. This indicates that the records are not probative of Plaintiff's condition during the period of time for which benefits were denied, and thus, not material.

Granted, the records would be material if they described Plaintiff's condition during the relevant time period, but this is not the case. The record dated closest to the ALJ's decision is a treatment note written by Dr. Kirsten Sigurdson on February 25, 2009, approximately one month

4

after the decision was issued. Dr. Sigurdson wrote that Plaintiff presented with bilateral foot pain, with greater pain in the left foot. Plaintiff said the pain intensified when she walked on a treadmill at an incline. On examination, Dr. Sigurdson noted pain during palpation and range of motion tests. Dr. Sigurdson recommended physical therapy, but Plaintiff said she was not interested. When Plaintiff asked about surgery, Dr. Sigurdson said it would not be warranted by Plaintiff's symptomology. Dr. Sigurdson recommended that Plaintiff walk on a flat treadmill rather than at an incline and that Plaintiff order a new pair of custom-molded orthotic shoes. Dr. Sigurdson also administered a cortisone shot.

Not only does Dr. Sigurdson's treatment note not relate to the time period under consideration by the ALJ, but her opinion is consistent with the ALJ's finding that Plaintiff's plantar fasciitis and foot pain were not disabling. As such, this record is neither probative nor reasonably likely to change the ALJ's decision.

The remainder of the St. Cloud Orthopedic Associates records suffer from the same shortcomings. For example, on March 18, 2009, Dr. Sigurdson wrote that Plaintiff's foot pain seemed to be worsening. This signified a change in Plaintiff's condition, not a consistent level of severity. About this time, Plaintiff also decided to discontinue cortisone shots and pursue surgical treatment, despite Dr. Sigurdson's opinion that surgery was not warranted. After having surgery on her right heel and left foot, Plaintiff initially complained of various temporary complications, but by September 2009, felt only "some stiffness" in her left foot and pain "if she overdoes it." Plaintiff was anxious to begin working out at the YMCA, and Dr. Sigurdson approved her to begin non-weight-bearing exercises. In November 2009, Dr. Sigurdson noted that Plaintiff had very little pain in her right foot and that Plaintiff's left foot had also been doing

5

well until she tripped and twisted her toe the week before. Plaintiff also asked if she could begin using a treadmill, signifying that her foot pain had improved.

Because Plaintiff has not shown that the new evidence from St. Cloud Orthopedic Associates is probative of her condition during the time period for which benefits were denied, a remand for consideration of this evidence is not appropriate.

### C. Records from Hjort Chiropractic

The records from Hjort Chiropractic are dated from May 30, 2003 to November 23, 2009. While many of these records fall within the time period considered by the ALJ, the Court finds they would not have changed the Commissioner's decision and are therefore not material. Plaintiff's most frequent complaint to her chiropractor was stiffness in her neck and back, not pain, and the chiropractor did not record any functional limitations due to stiffness or pain. Typical comments made by the chiropractor include "an overall 100% improvement to date" in March 2005, "her response to the recent care has been very favorable" in April 2005, "she reported feeling better" in August and September 2006, and "[g]ood progress is being made at the present time" in February 2008. Generally, the records are consistent with the ALJ's finding that Plaintiff suffered from some back pain and that her back pain qualified as a severe impairment, but not to a disabling degree. The records are also consistent with the ALJ's determination that Plaintiff could perform a limited range of light work.

Also with respect to the records that predate the ALJ's decision, Plaintiff must show good cause for failing to incorporate the evidence into the administrative proceeding. The reason given by Plaintiff for not submitting the records earlier is "the inattention of hearing counsel." The Court cannot agree, however, that a lawyer's carelessness constitutes good cause.

Plaintiff has not demonstrated that the Hjort Chiropractic records are material or that good cause excuses her failure to incorporate the evidence into the record before the ALJ. Accordingly, her case should not be remanded for consideration of this evidence.

### D. Records from Centracare Digestive Center

The new records from Centracare Digestive Center span the time period from March 2008 to December 2008. Plaintiff contends that good cause exists for not including the records in the administrative proceeding because the December records are "from the twilight zone of records post-hearing and pre-decision." The Court disagrees. Plaintiff was represented by counsel during the administrative proceedings, but her lawyer did not ask the ALJ to reopen the hearing before he issued his decision, as permitted by 20 C.F.R. § 416.1565(d)(3), or ask the Appeals Council to consider the new evidence, as permitted by 20 C.F.R. § 416.1585. Simply because some of the records were generated between the hearing and the decision does not inherently constitute good cause for not submitting them.

Further, the Centracare Digestive Center records were not reasonably likely to have changed the ALJ's decision. For instance, the treatment note from December 2008 reflects that Plaintiff "has proven to be very responsive to Remicade" with "excellent symptom control" and minimal side effects. The other records are similarly consistent with the ALJ's findings that although Plaintiff had a severe impairment of ulcerative colitis, her condition had been stabilized and was not disabling. Although Plaintiff suggests that her symptoms of increased flatulence, bloating, and constipation for two out of every eight weeks were inconsistent with the ALJ's findings, Plaintiff's doctor did not indicate that these symptoms were disabling or limited Plaintiff in any way. Rather, Plaintiff's doctor adjusted her treatment regimen to improve these conditions.

### III. RECOMMENDATION

Plaintiff has not shown that new and material evidence would have likely changed the ALJ's decision or that good cause existed for not including most of the new records in the administrative proceeding. Accordingly, the Court recommends that Plaintiff's motion for remand be denied. The Court will issue a separate Order setting procedures and deadlines for this case going forward.

**IT IS HEREBY RECOMMENDED** that Plaintiff Jennifer A. Blommer's Motion for Remand for Consideration of New Evidence (Doc. No. 19) be **DENIED**.

Dated: January 14, 2011

        s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 31, 2011**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.